```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                   Civil Action No.

June Culross              )
                          )
         Plaintiff        )
v.                        )
                          )   COMPLAINT AND JURY DEMAND
Fallon Clinic, Inc. and   )
Marlene Dodge             )   05-40092 FDS
                          )
         Defendants.      )
```

NATURE OF THE ACTION

1. This Action is one for damages for interference with rights in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§2601, and §2611-§2654, and for damages arising out discrimination based on handicap, or being regarded as handicapped in violation of G.L. c. 151B, §4, the Massachusetts Anti-Discrimination Law.

PARTIES

2. Plaintiff June Culross (Culross) is an individual residing in Worcester, Massachusetts.

3. Defendant Fallon Clinic, Inc. (Fallon) is a Massachusetts For-Profit Corporation with a principal office at 630 Plantation Street, Worcester, Massachusetts.

4. Fallon is engaged in commerce or in an industry or activity affecting commerce within the meaning of the FMLA, 29 U.S.C. §2611.

5. Fallon employed 50 or more employees for each working day during at least 20 or more calendar workweeks in the current and/or preceding calendar year within the meaning of 29 U.S.C. §2611.

6. Fallon employs over 200 physicians in nearly 30 locations and is staffed by more than 1,700 employees. Fallon provides comprehensive medical care for more than one million patient visits per year.

1

7. Fallon is a covered employer as defined by the FMLA, 29 U.S.C. §2611.

8. Fallon employs more than six employees and as such is an employer as defined by G.L. c. 151B, §1(5).

9. As of March 2004, Culross had been employed by Fallon for at least 12 months and employed for at least 1,250 hours of service within the previous 12 months. At least as of March 2004, Culross was a Fallon employee eligible for FMLA as defined by 29 U.S.C. §2611.

10. Defendant Marlene Dodge (Dodge) is an individual residing in Massachusetts.

11. Dodge became employed by Fallon on June 18, 2001. In August 2001, Dodge became the Practice Manager of the OB-GYN Department. In this capacity, Dodge was the direct supervisor of at least forty people, including Culross.

12. In her capacity as Practice Manager, Dodge acts or acted in the interest of Fallon with respect to employees covered by the FMLA, including Culross. As such, Dodge is an employer as defined by the FMLA, 29 U.S.C. §2611.

## JURISDICTION

13. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331, 29 U.S.C. 29 U.S.C. §§2601, and §2611-§2654, and pendant state law claims.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On December 16, 2004, Culross filed a Complaint with the Massachusetts Commission Against Discrimination (MCAD) in which she alleged discrimination based on handicap/being regarded as handicapped. On April 6, 2005, the MCAD allowed Culross to remove her Complaint for the purpose of filing a civil action in the same matter.

## FACTS

15. Culross was hired by Fallon on December 14, 1983, and except for a brief period in 1985, remained employed until she was discharged on July 15, 2004 from her position of Hospital Secretary in the OB-GYN Department.

16. On Monday and Tuesday, March 15 and 16, 2004, Culross was absent from work.

17. On Wednesday, March 17, 2004, Culross informed Dodge that she had seen her primary care physician that day, and her psychologist the day before, and both doctors recommended she take a leave of absence from work. Dodge suggested Culross apply for leave under the FMLA.

18. On March 30, 2004, Culross's Psychologist, Dr. Craig B. Weiner, completed Fallon's FMLA Certification of Health Care Provider indicting Culross had a "serious health condition" as defined by the FMLA, 29 U.S.C. §2611, and Department of Labor regulations promulgated thereunder, requiring that Culross be absent from work until May 12, 2004.

19. Fallon approved Culross's request for FMLA.

20. Culross was treated for anxiety and depression.

21. By way of a May 11, 2004 note, Dr. Weiner stated Culross is able to return to work.

22. Fallon and Dodge refused to allow Culross to return to work.

23. Instead of returning Culross to work, Fallon required Culross undergo a Fitness for Duty Examination by Fallon Clinic's Nurse Practitioner Irene Blair who refused to clear Culross for work as "not medically qualified".

24. Culross had no choice but to request additional leave from Fallon.

25. On May 17, 2004, Culross's primary care physician, Manju Shukla, completed Fallon's FMLA Certification of Health Care Provider indicating Culross had a serious medical condition with a probable duration to June 9, 2004.

26. Fallon approved the extension of Culross's FMLA leave to June 7, 2004.

27. By way of a May 26, 2004 Note, Dr. Shukla, cleared Culross to return to work on June 2, 2004, part-time for two weeks.

28. Instead of returning Culross to work, Fallon required Culross undergo a Fitness for Duty Examination on May 28, 2004.

29. Fallon and Dodge required Culross to report to work on June 1, 2004, which was prior to the expiration of her FMLA leave.

30. When Culross reported to work on June 1, 2004, Dodge gave Culross a warning - "Written Notice" - referring to a performance review of 2002 and to some vague, undefined problems with Culross's performance. Culross was told if her performance did not improve, her employment would be terminated.

31. Well after the performance review of 2002, on August 26, 2003, Dodge and Department Chair Wendy Gates had given Culross an Annual Performance Evaluation (Evaluation) wherein she was rated as Meeting to Exceeding Expectations, with an overall review of Meeting Expectations.

32. Culross had received no performance warnings after the August 26, 2003 Evaluation until June 1, 2004.

33. On July 15, 2004, Culross's employment was terminated by Dodge for the stated reasons that Culross had two written warnings, and that Dodge had recently received a report Culross was making personal telephone calls.

34. Any written warnings given to Culross were for alleged conduct occurring prior to her informing Dodge she is being treated by a psychologist and for alleged conduct occurring prior to her having taken FMLA. No new issues were brought to Culross's attention between June 1, 2004 and July 15, 2004 when her employment was terminated.

35. Culross is not aware as to any personal calls to which Dodge is referring. Culross had never been told not to make any personal calls from work.

36. Employees who have made personal calls about which Dodge is aware have not had their employment terminated for that reason.

COUNT I
INTERFERENCE WITH RIGHTS PROVIDED BY
THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

37. Culross restates paragraphs 1 through 36 of her Complaint.

38. By the above stated acts and omissions, Fallon and Dodge interfered with Culross's rights provided by the FMLA.

39. As a result thereof, Culross suffered economic damages including loss of job, and lost wages, and attorney's fees.

4

**05-40092 FDS**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
June Culross

**DEFENDANTS**
Fallon Clinic, Inc. and Marlene Dodge

(b) County of Residence of First Listed Plaintiff: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ilene Titus, Attorney At Law
120 Main St, Worcester, MA 01608
(508) 799-8784

Attorneys (If Known): David Cogliano, Esquire
Davis, Malm & D'Agostine
One Boston Place, Boston, MA 02108
(617) 367-2500

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C., sections 2601 and 2611-2654
Brief description of cause:
Violation of the Family Medical Leave Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 5/24/2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Ilene Titus

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40092 FDS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**
   June Culross v. Fallon Clinic, Inc., et al

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**
   n/a

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
   YES ☐   NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)**
   YES ☐   NO ☒

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
   YES ☐   NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**
   YES ☐   NO ☒

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**
   YES ☒   NO ☐

   A. **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**
      EASTERN DIVISION ☐   CENTRAL DIVISION ☒   WESTERN DIVISION ☐

   B. **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Ilene Titus
ADDRESS           120 Main Street, Worcester, MA 01608
TELEPHONE NO.     (508) 799-8784

(CategoryForm.wpd - 11/27/00)